# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dominic Sebastian Leon Metcalfe,<br><br>Plaintiff,<br><br>v.<br><br>Ulta Salon, Cosmetics & Fragrance, Inc., a Delaware Corporation; Ulta Inc., a Delaware Corporation; Ulta Beauty, Inc., a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | Civil Action No.<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. Copyright Infringement;<br><br>2. Vicarious and/or Contributory Copyright Infringement; and<br><br>3. Violations of the DMCA<br><br> Jury Trial Demanded |

Plaintiff Dominic Sebastian Leon Metcalfe, by and through his attorneys Doniger / Burroughs, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Dominic Sebastian Leon Metcalfe is an artist and designer based in Amsterdam, Netherlands.

5. Plaintiff is informed and believes and thereon alleges that Ulta Salon, Cosmetics & Fragrance, Inc. is a Delaware corporation with its principal place of business located in Bolingbrook, Illinois. Plaintiff further alleges that this entity does substantial business in and

1

with the State of New York, including through its forty-five first-party retail stores, online and mail-order sales, and through its network of retail partners.

6. Plaintiff is informed and believes and thereon alleges that Ulta Inc. is a Delaware corporation with its principal place of business located in Bolingbrook, Illinois. Plaintiff further alleges that this entity does substantial business in and with the State of New York, including through its forty-five first-party retail stores, online and mail-order sales, and through its network of retail partners.

7. Plaintiff is informed and believes and thereon alleges that Ulta Beauty, Inc. (collectively with Ulta Salon, Cosmetics and Fragrance, Inc. and Ulta Inc., "Ulta") is a Delaware corporation with its principal place of business located in Bolingbrook, Illinois. Plaintiff further alleges that this entity does substantial business in and with the State of New York, including through its forty-five first-party retail stores, online and mail-order sales, and through its network of retail partners.

8. Plaintiff is informed and believes and thereon alleges that Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of the Does 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Does 1-10 by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

10. Plaintiff is a renowned graphical artist and designer whose work has been featured in advertising campaigns by international brands, including campaigns by Puma, Chanel, and Nike.

11. In 2012, Plaintiff created a series of two-dimensional graphical artworks under the name Holographic Melt, including the original artwork at issue in this case ("Artwork"), as seen below:

12. Plaintiff's original Artwork is depicted, truly and correctly, in the below:

**Plaintiff's Original Artwork**



13. Plaintiff's Holographic Melt Series has been available on Plaintiff's online portfolio (http://portfolio.domsebastian.com/Holographic-Melt-Series) since 2012. All images included in Plaintiff's online portfolio include copyright management information identifying Plaintiff as the owner of the artwork.

14. Plaintiff first published the Artwork outside of the United States and is thus exempt from the requirement that his work must be registered with the United States Copyright Office prior to the commencement of this action.

15. Plaintiff is informed and believes and thereon alleges that Defendants had access to his artwork, including through his online portfolio, prior to the acts of infringement alleged herein.

16.  Plaintiff is informed and believes and thereon alleges that following his publication and display of his artwork, Defendants used Plaintiff's artwork without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, on its advertising materials, website, and the packaging for various beauty products manufactured by Ulta and sold at Ulta.com and elsewhere ("Infringing Product").

17. Exemplars of the Infringing Product, including without limitation the Briteplex Unicorn Masque, are below:

///
///

**Ulta's Infringing Product:**





18. The above exemplars are not meant to be inclusive and the claims made herein are made as to all products marketed, distributed, and/or sold by Defendants, or any of them, that incorporate Plaintiff's Artwork or a derivative created from Plaintiff's Artwork. A side-by-side comparison of Plaintiff's Artwork and exemplars of various types of the Infringing Product are below:

///

///



| Plaintiff's Artwork | Ulta's Infringing Product |
|---|---|

19. The comparison above makes apparent that the elements, colors, composition, arrangement, layout, aesthetic, total look-and-feel, and appearance of the Artwork and the artwork on the Infringing Product are at least substantially similar.

20. Before the filing of this lawsuit, Plaintiff provided notice of his claims of his infringement and attempted to negotiate an amicable resolution. These efforts were unsuccessful.

21. On information and belief Plaintiff alleges that subsequent to Plaintiff providing notice to Defendants of his claims of infringement, Defendants, and each of them, slightly modified Plaintiff's Artwork to create an unlawful derivative of the Artwork and continued to use said derivative, which employs the same overall look and feel as the Artwork, in connection with their products and packaging. As of March 14, 2019 at 3:52 pm EST, Defendants were advertising said products for sale at the following URLs:



## FIRST CLAIM FOR RELIEF

### (Copyright Infringement—Against All Defendants)

22.  Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

23.  Plaintiff is informed and believes and thereon alleges that Defendants had access to the Artwork, including, without limitation, through Plaintiff's online portfolio or third-party websites. Additionally, Plaintiff alleges that access is established by striking similarity between the works at issue.

24.  Plaintiff is informed and believes and thereon alleges that Defendants used Plaintiff's artwork, and/or derivatives thereof, on and in connection with the Infringing Products.

8

Defendants and each of them, marketed, distributed, and sold the Infringing Product and did so without obtaining Plaintiff's consent to exploit the Artwork.

25. Due to Defendants' acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained profits they would not otherwise have realized but for their infringement of the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to the infringement of the Subject Photographs in an amount to be established at trial.

27. Plaintiff is informed and believes and thereon alleges that Defendants committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## SECOND CLAIM FOR RELIEF

**(Vicarious and/or Contributory Copyright Infringement—Against All Defendants)**

28. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

29. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of products featuring Plaintiff's artwork as alleged herein.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

31. By reason of the Defendants', and each of their acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

32. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in his artwork, in an amount to be established at trial.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious.

### THIRD CLAIM FOR RELIEF

**(Violations of the DMCA, 17 U.S.C. § 1202—Against all Defendants)**

34. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

35. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202 by providing false copyright management information in connection with the works at issue, and distributing and displaying the works at issue with false copyright management information.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, further violated 17 U.S.C. §1202 by intentionally removing and/or altering the copyright management information, in the form of metadata and/or text, on or around Plaintiff's Artwork, and distributing copyright management information with knowledge that the copyright management information had been removed or altered without authority of Plaintiff or the law, and distributing and publicly displaying the material, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under Section 1202.

37. As seen below, Plaintiff appended his name, the title of the work, and other identifying information to his publication and display of the Artwork:



38. On information and belief Plaintiff alleges that Defendants and/or their agents, members, and moderators removed Plaintiff's name, title, authorship information and other indicia of ownership from Plaintiff's artwork before incorporating the artwork into the Infringing Product as alleged herein.

39. Plaintiff further alleges that Defendants, and each of them, distributed the Infringing Product with knowledge that Plaintiff's copyright management information had been removed.

40. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages, attorneys' fees, and penalties pursuant to 17 USC § 1203 and other applicable law.

41. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that bears without his consent Plaintiff's Artwork or an unlawful derivative created therefrom;

b. That Plaintiff be awarded all profits of Defendants, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, and statutory damages as available under the Copyright Act, 17 U.S.C. § 1203 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 1203;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Dated: Brooklyn, New York  
March 15, 2019

Respectfully Submitted,

By: */s/ Scott Alan Burroughs*  
Scott Alan Burroughs  
NY SBN: 5647193  
DONIGER / BURROUGHS  
213 Norman Avenue, Suite 413  
Brooklyn, New York 11222  
(310) 590-1820  
scott@donigerlawfirm.com  
*Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated:   Brooklyn, New York                    Respectfully Submitted,
         March 15, 2019

                                               By: */s/ Scott Alan Burroughs*
                                               Scott Alan Burroughs
                                               NY SBN: 5647193
                                               DONIGER / BURROUGHS
                                               213 Norman Avenue, Suite 413
                                               Brooklyn, New York 11222
                                               (310) 590-1820
                                               scott@donigerlawfirm.com
                                               *Attorneys for Plaintiff*